United States Bankruptcy Court

Middle District of Pennsylvania

In re:  
Michaelle Ann Monto  
    Debtor

Case No. 23-01190-MJC  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5      User: AutoDocke      Page 1 of 3  
Date Rcvd: Jul 17, 2023      Form ID: pdf002      Total Noticed: 49

The following symbols are used throughout this certificate:  
**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 19, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Michaelle Ann Monto, 28 Ashton Rd, Harveys Lake, PA 18618-3174 |
| 5544221 | | Attn: Wayne M. Pecht, Esquire, Law Offices of Johnson Duffie, PO Box 109, Lemoyne, PA 17043-0109 |
| 5544235 | | Kelly Monto, c/o Law Offices of Craig Diehl, 3464 Trindle Rd Ofc, Camp Hill, PA 17011-4436 |
| 5544236 | | Law Offices of Craig A. Diehl, 3464 Trindle Rd, Camp Hill, PA 17011-4436 |
| 5544237 | | Law Offices of Criag A. Diehl, 3464 Trindle Rd, Camp Hill, PA 17011-4436 |
| 5544219 | | Monto Michaelle Ann, 28 Ashton Rd, Harveys Lake, PA 18618-3174 |
| 5546754 | + | OneMain Financial, PO Box 679220, Dallas, TX 75267-9220 |
| 5544238 | | Onemain/launch, PO Box 91910, Sioux Falls, SD 57109-1910 |
| 5549161 | + | Recovery Exchange, LLC, PO BOX 1931, Burlingame, CA 94011-1931 |
| 5544258 | | Zachery R. Monto, 740 School House Ln, Lewisberry, PA 17339-9543 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Jul 17 2023 18:49:22 | Capital One Auto Finance, a division of Capital On, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5544223 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 17 2023 18:47:51 | Capital One, Attn: Bankruptcy, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 5544222 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 17 2023 18:47:51 | Capital One, PO Box 31293, Salt Lake City, UT 84131-0293 |
| 5544224 | | Email/PDF: acg.coaf.ebn@aisinfo.com | Jul 17 2023 18:47:58 | Capital One Auto Finance, Attn: Bankruptcy, 7933 Preston Rd, Plano, TX 75024-2302 |
| 5546941 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Jul 17 2023 18:48:25 | Capital One Auto Finance, a division of, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5548689 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Jul 17 2023 18:48:27 | Capital One Auto Finance, a division of Capital On, P.O. Box 4360, Houston, TX 77210-4360 |
| 5554099 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 17 2023 18:47:51 | Capital One N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5544225 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 17 2023 18:49:22 | Cbna, Attn: Bankruptcy, PO Box 6497, Sioux Falls, SD 57117-6497 |
| 5544226 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 17 2023 18:59:55 | Cbna, PO Box 6497, Sioux Falls, SD 57117-6497 |
| 5544227 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 17 2023 18:59:43 | Citi Card/Best Buy, Attn: Citicorp Cr Srvs Centralized Bankr, PO Box 790040, Saint Louis, MO 63179-0040 |
| 5544228 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 17 2023 18:49:22 | Citibank/the Home Depot, Citicorp Cr Srvs/Centralized Bankruptcy, PO Box 790040, Saint Louis, MO 63179-0040 |
| 5544229 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jul 17 2023 18:47:00 | Comenity Bank/Pier 1, Attn: Bankruptcy, PO Box |

| Recipient ID | | Delivery Method | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | 182125, Columbus, OH 43218-2125 |
| 5544230 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jul 17 2023 18:47:00 | Comenity Bank/Pier 1, PO Box 182789, Columbus, OH 43218-2789 |
| 5544231 | | Email/Text: GenesisFS@ebn.phinsolutions.com | Jul 17 2023 18:47:00 | Feb/Gfscs-Retail, PO Box 4499, Beaverton, OR 97076-4499 |
| 5544232 | | Email/Text: bankruptcy@firstelectronic.com | Jul 17 2023 18:47:00 | First Electronic Bank, Attn: Bankruptcy, PO Box 521271, Salt Lake City, UT 84152-1271 |
| 5544233 | | Email/Text: GenesisFS@ebn.phinsolutions.com | Jul 17 2023 18:47:00 | Genesis Financial, Genesis FS Card Services, PO Box 4477, Beaverton, OR 97076-4401 |
| 5544234 | | Email/PDF: ais.chase.ebn@aisinfo.com | Jul 17 2023 18:49:15 | Jpmcb Card, PO Box 15369, Wilmington, DE 19850-5369 |
| 5550250 | + | Email/Text: RASEBN@raslg.com | Jul 17 2023 18:47:00 | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o Robertson, Anschutz, Schneid,, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487-2853 |
| 5544220 | | Email/Text: mylawyer@jpplaw.com | Jul 17 2023 18:47:00 | Law Offices of Jason P Provinzano LLC, 16 W Northampton St, Wilkes Barre, PA 18701-1708 |
| 5552712 | | Email/Text: bnc-quantum@quantum3group.com | Jul 17 2023 18:47:00 | Quantum3 Group LLC as agent for, Genesis FS Card Services Inc, PO Box 788, Kirkland, WA 98083-0788 |
| 5544240 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:47:58 | Syncb/Care Credit, PO Box 71757, Philadelphia, PA 19176-1757 |
| 5544244 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 17 2023 18:47:54 | Syncb/Walmart, PO Box 31293, Salt Lake City, UT 84131-0293 |
| 5544245 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:59:43 | Syncb/Walmart, Attn: Bankruptcy, PO Box 965060, Orlando, FL 32896-5060 |
| 5544239 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:59:56 | Syncb/amazon, PO Box 71737, Philadelphia, PA 19176-1737 |
| 5544241 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:49:16 | Syncb/lowes, PO Box 71727, Philadelphia, PA 19176-1727 |
| 5544242 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:49:22 | Syncb/ppc, PO Box 71727, Philadelphia, PA 19176-1727 |
| 5544243 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:59:56 | Syncb/tjx Cos, PO Box 71737, Philadelphia, PA 19176-1737 |
| 5544247 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:49:22 | Syncb/zulily, PO Box 71740, Philadelphia, PA 19176-1740 |
| 5544246 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:47:51 | Syncb/zulily, Attn: Bankruptcy, PO Box 965060, Orlando, FL 32896-5060 |
| 5544248 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:48:33 | Synchrony Bank/Amazon, Attn: Bankruptcy, PO Box 965060, Orlando, FL 32896-5060 |
| 5544249 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:49:22 | Synchrony Bank/Care Credit, Attn: Bankruptcy Dept, PO Box 965064, Orlando, FL 32896-5064 |
| 5544250 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:59:56 | Synchrony Bank/Lowes, Attn: Bankruptcy, PO Box 965060, Orlando, FL 32896-5060 |
| 5544251 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:47:57 | Synchrony Bank/Tjx, Attn: Bankruptcy, PO Box 965060, Orlando, FL 32896-5060 |
| 5544252 | | Email/PDF: gecsedi@recoverycorp.com | Jul 17 2023 18:48:31 | Synchrony/Paypal Credit, Attn: Bankruptcy, PO Box 965060, Orlando, FL 32896-5060 |
| 5544253 | | Email/Text: bncmail@w-legal.com | Jul 17 2023 18:47:00 | Target Nb, C/O Financial & Retail Services Mailstop, PO Box 9475, Minneapolis, MN 55440-9475 |
| 5544254 | | Email/Text: GenesisFS@ebn.phinsolutions.com | | |

| Recipient | Method | Date/Time | Address |
|---|---|---|---|
| | | Jul 17 2023 18:47:00 | Tbom - Genesis Retail, PO Box 4499, Beaverton, OR 97076-4499 |
| 5544255 | Email/Text: bncmail@w-legal.com | Jul 17 2023 18:47:00 | Td Bank USA/Targetcred, PO Box 673, Minneapolis, MN 55440-0673 |
| 5544256 | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 17 2023 18:59:32 | Thd/Cbna, PO Box 6497, Sioux Falls, SD 57117-6497 |
| 5544257 | Email/Text: hphillips@uwm.com | Jul 17 2023 18:47:00 | United Wholesale Mortgage, 585 South Blvd E, Pontiac, MI 48341-3163 |

TOTAL: 39

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 19, 2023     Signature:     /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 17, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor UNITED WHOLESALE MORTGAGE LLC. bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Jason Paul Provinzano | on behalf of Debtor 1 Michaelle Ann Monto MyLawyer@JPPLaw.com g17727@notify.cincompass.com;provinzano.jasonb125567@notify.bestcase.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Michaelle Ann Monto**

**Debtor(s)**

CHAPTER: 13

CASE NO. 5:23-bk-01190-MJC

       ORIGINAL PLAN
**1st** AMENDED PLAN (indicate #)
**0** Number of Motions to Avoid Liens
**0** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

Rev 12/01/19

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ <u>412.00</u> (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is <u>$24,720.00</u> plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 06/2023 | 05/2028 | $412.00 | $0.00 | $412.00 | $24,720.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $24,720.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
       X ☐ Debtor is at or under median income.
       *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

       ☐ Debtor is over median income. Debtor estimates that a minimum of <u>$0.00</u> must be paid to allowed unsecured creditors in order to comply with the Means Test.

    B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is <u>$18,566.50</u>. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

*Check one of the following two lines:*

   X   No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

   ___Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____. All sales shall be completed by _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: <u>Any and all non-exempt portion of the funds due and owing to Debtor from the Estate of Scott Monto.</u>

**2. SECURED CLAIMS.**

   A.  **<u>Pre-Confirmation Distributions.</u>**  *Check One:*

      ☑  None.
          *If this is checked, the rest of § 2.A need not be completed or reproduced.*

      ☐  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

X  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| United Wholesale Mortgage | 28 Ashton Road<br>Harveys Lake, PA 18618 | |
| Capital One Auto Finance | 2016 Subaru Outback | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

X  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Capital One Auto Finance | 2016 Subaru Outback | $457.74 | $0.00 | $457.74 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☑ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an

5

unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check One:*

☑ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

☑ None.
*If this is checked, the rest of § 2.G need not be completed or reproduced.*

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

Case 5:23-bk-01190-MJC    Doc 19    Filed 07/19/23    Entered 07/20/23 00:25:03    Desc
Imaged Certificate of Notice    Page 9 of 13

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

3. **PRIORITY CLAIMS.**

   A. <u>**Administrative Claims**</u>

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ <u>$605.00</u> already paid by the Debtor, the amount of $ <u>3,895.00</u> in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      ☑ None.
      *If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ☐ The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |

   B. <u>**Priority Claims (including certain Domestic Support Obligations).**</u>

7

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☑ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS.**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

   ☑ None.
   *If this is checked, the rest of § 4.A need not be completed or reproduced.*

   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

8

☑ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

\_\_\_ plan confirmation.
\_\_\_ entry of discharge.
X closing of case.

**7. DISCHARGE:** *(Check one)*

X The debtor will seek a discharge pursuant to § 1328(a).
\_\_ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

### 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

If Debtor's application for Social Security Disability Benefits is approved, Debtor shall immediately inform Counsel, and Counsel shall file any and all necessary amendments.

In the event that Debtor is denied Social Security Disability Benefits and returns to work, Debtor shall immediately notify counsel and counsel will make any and all necessary amendments.

Dated: July 17, 2023                    /s/ Jason P. Provinzano, Esquire
                                        Attorney for Debtor

                                        /s/ Michaelle Ann Monto
                                        Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.