# Last Will and Testament
# of
# Scott Monto

I, Scott Monto, with a place of residence at 740 SchoolHouse Lane, Lewisberry, Pennsylvania, 17339, being of sound mind and not acting under duress or undue influence while fully understanding the nature and extent of all my property and of this disposition thereof, do hereby make, publish, and declare this document to be my Last Will and Testament, and hereby revoke any and all other wills and codicils heretofore made by me, Hereinafter known as the "Testator".

## 1. FAMILY IDENTIFICATION

I am married to Kelly Monto.

Kelly Monto will not be a beneficiary under this Last Will and Testament.

I have three (3) children known as:

Nichole Monto

Katelyn Monto

Zachary Monto

My child(ren) will be included as Heir(s) in this Last Will and Testament.

## 2. EXCLUSIONS

It is my intention to exclude the following person(s) from receiving any distributions in association with this Last Will and Testament: Kelly Grace Monto, Nichole J. Monto

## 3. EXPENSES & TAXES

I direct that all my debts, and expenses of my last illness, funeral, and burial, be paid as soon after my death as may be reasonably convenient, and I hereby authorize my Personal Representative, hereinafter appointed, to settle and discharge, in his or her absolute discretion, any claims made against my estate to be first paid.

I further direct that my Personal Representative shall pay out of my estate any and all estate and inheritance taxes payable by reason of my death in respect of all items included in the computation of such taxes, whether passing under this Will or otherwise. Said taxes shall be paid by my Personal Representative as if such taxes were my debts without recovery of any part of such tax payments from anyone who receives any item included in such computation.

## 4. SPECIAL BEQUESTS

Aside from my Residual Estate, there shall be the following two (2) individuals to receive special bequests.

Michaelle Monto to receive my Home, and all contents, tools, my Classic Camaros, GTO, any Monies from life insurance, 401K.

Zachary Monto to receive Gray Camaro, Arnold wagon, Plow Truck, Silverado.

## 5. PERSONAL PROPERTY

I direct that all of my personal property that has not been directed as specific bequests or a part of my residual estate be distributed to Michaelle and Zachary .

## 6. DIGITAL ASSETS

I shall not have my social media accounts left with a representative. Therefore, after I die, all social media accounts that I have shall be left 'as-is'.

## 7. RESIDUAL ESTATE

I devise and bequeath my property, both real and personal wherever situated including any life insurance policies I may have to the following Three (3) Beneficiaries:

Michaelle Monto who is my Sister and entitled to 50% of my Residual Estate.

Zachary Monto who is my son and entitled to 40% of my Residual Estate.

Katelyn Monto who is my daughter and entitled to 10% of my Residual Estate.

## TRUST CREATION

I direct a Trust to be created for all the Beneficiaries of this Last Will and Testament that are under the age of 25 years old. The Beneficiaries of this Trust shall be treated and receive the same Residual Estate share value, in accordance with the percentage stated in Section 7, as the other Beneficiaries including but not limited to: life insurance policies, share dividends, employment pensions, real estate, bank account balances and any other valuable assets left by the decedent.

Until each Beneficiary has reached the age of 25 years old there shall be an individual known as Michaelle Monto with a mailing address of 736 Schoolhouse Lane, Lewisberry, Pennsylvania, 17339 and shall be serving without bond, hereinafter known as the "Trustee", that will have powers to deduct funds from the Beneficiary's Residual Estate for the benefit of their medical, educational, or other needs deemed necessary to the Beneficiary and in their best interest. Any payments made for a specific Beneficiary shall be reflected in their final balance at when they reach the age allowed for disbursement(s). At the time the Beneficiary reaches the age of 25, the Trustee shall disburse all monies, assets, or any other personal/real property to the said Beneficiary.

### A. Trustee's Handling of Funds

If before a child reaches the age of 25years old and the Trustee deems that the child is not qualified to handle monetary funds for medical, educational, or other needs deemed necessary to the Beneficiary and in their best interest the Trustee may make payments, including but not limited to, individuals such as guardians, conservators, parents, or any other qualified person that is acting as the caretaker of the child in accordance with the Uniform Transfers to Minors Act (UTMA).

Case 5:23-bk-01190-MJC    Doc 26    Filed 08/17/23    Entered 08/17/23 16:19:48    Desc
Main Document      Page 2 of 8

The Trustee will have the rights to buy, sell, or exchange any property that is in the portion of the child's Residual Estate that is deemed to be in their best interest. In addition to borrowing or mortgage any real property as collateral, and to make secured or unsecured loans. The Trustee is specifically authorized to make loans without interest to any beneficiary hereunder.

The Trustee shall have the right to grant any sums of money deemed to be considered in the everyday well-being of the child and to be deducted from their share of the Residual Estate.

### B. Trustee's Right to Resign

The Trustee of this Trust has the right to resign from their position at any time by providing at least 60 days' written notice to all current Beneficiaries, children, guardians, parents, conservators, or interested parties of the Trust.

### C. Appointment of Replacement Trustee

If the Trustee or Secondary Trustee are unable to conduct their duties, by either their resignation, incapacitation, or any other reason that impairs their ability to perform at their position, then a new Trustee may be appointed by the current or previous Trustee, or appointed by the court in the jurisdiction of the child(ren)'s primary residence if the current or previous Trustee is not able to appoint a new Trustee.

### D. Death of Child(ren)

If a child dies before reaching the age of 25 years old their entitled distribution shall be equally distributed to my other children under the circumstance that the child that died does not have any children of their own, in such case, their entitled distribution should be given equally.

If all children die before they age of 25 years old then their entitled distribution shall be disbursed to the remaining Beneficiaries in accordance with their percentage in Section 7. If there are no Beneficiaries besides the children, then the Residual Estate shall be given to my Heirs-at-Law.

> i. If a child of mine dies before the age of 25 years old, the Trustee shall be obligated to use the remaining portion of their entitled Residual Estate for all costs related to the funeral or last medical care the child received before their death.

### E. Protection From Creditors

A child that is under the age of 25 years old that is entitled to any portion of my Residual Estate shall not be subject to creditors, legal liability, assignment, anticipation, or seizure by any private, public or government entity. If in the Trustee's best judgment believes the child's portion of the Residual Estate is susceptible to any outside party the Trustee is required to act in the best manner possible to protect the interests of the child. If and when the Trustee determines that the child's portion of the Residual Estate is no longer threatened by any outside pressures may the process of distribution continue in accordance with this Trust.

### F. Accounting

Page 3

Case 5:23-bk-01190-MJC    Doc 26    Filed 08/17/23    Entered 08/17/23 16:19:48    Desc
Main Document    Page 3 of 8

The Trustee will be required to provide an accounting, at least once per annum, showing all assets, account balances, and any other statements that belong to the Beneficiaries of the Trust.

### G. 2nd Trustee

In addition to the Trustee named above, if he or she is not able to perform their respective duties then there shall be a Second (2nd) Trustee known as:

Patricia Pollock of 736 Schoolhouse Lane, Lewisberry, Pennsylvania, 17339 that shall hold the same powers as the Trustee and operate themselves under the same terms of this Last Will and Testament.

## GUARDIANSHIP FOR MINORS

There shall be a Guardian selected by the Testator for any minor listed in this Last Will and Testament.

The Guardian, known as Michaelle Monto of 736 School House Lane, Lewisberry, Pennsylvania, 17339, shall bear unlimited power to act as caretaker of all minors in this Last Will and Testament which includes but is not limited to educational matters, medical needs, and everyday decision-making abilities.

### 2nd Guardian

If the Guardian, Michaelle Monto, is not able to serve I nominate a Second (2nd) Guardian that will only act in the place of the Guardian in the event the original Guardian selected is not able to perform their duties.

The Second (2nd) Guardian nominated is known as Patricia Pollock of 736 School House Lane, Lewisberry, Pennsylvania, 17339 and shall bear the same rights and powers as the Guardian selected in Section 7 of this Last Will and Testament.

## 8. OTHER PROPERTY

If there is any other property not part of the Residual Estate of Personal Property of this Last Will and Testament all other property should be transferred to Patricia Pollock.

## 9. PREDECEASE

If any child of mine should predecease me then any property that was intended for them should be distributed to Michaelle Monto.

If any of my property cannot be readily sold and distributed, then it may be donated to any charitable organization or organizations of my Personal Representative's choice. If any property cannot be readily sold or donated, my Personal Representative may, without liability, dispose of such property as my Personal Representative may deem appropriate. I authorize my Personal

Case 5:23-bk-01190-MJC    Doc 26    Filed 08/17/23    Entered 08/17/23 16:19:48    Desc
Main Document    Page 4 of 8

Representative to pay as an administration expense of my estate the expense of selling, advertising for sale, packing, shipping, insuring and delivering such property.

## 10. OMISSION

Except to the extent that I have included them in this Will, I have intentionally, and not as a result of any mistake or inadvertence, omitted in this Will to provide for any family members and/or issue of mine, if any, however defined by law, presently living or hereafter born or adopted.

## 11. PERSONAL REPRESENTATIVE

I nominate and appoint Michaelle Monto, of 736 SchoolHouse Lane, Lewisberry, Pennsylvania, 17339 as Personal Representative of my estate and I request that he/she be appointed temporary Personal Representative if he/she applies.

There shall not be a Secondary Personal Representative. If the above-named individual cannot serve, then I shall desire a court-appointed Personal Representative to act on behalf of my intentions written in this last will and testament.

## 12. DISCRETIONARY POWERS OF PERSONAL REPRESENTATIVE

My Personal Representative, shall have and may exercise the following discretionary powers in addition to any common law or statutory powers without the necessity of court license or approval:

> A. To retain for whatever period my Personal Representative deems advisable any property, including property owned by me at my death, and to invest and reinvest in any property, both real and personal, regardless of whether any particular investment would be proper for a Personal Representative and regardless of the extent of diversification of the assets held hereunder.
>
> B. To sell and to grant options to purchase all or any part of my estate, both real and personal, at any time, at public or private sale, for consideration, whether or not the highest possible consideration, and upon terms, including credit, as my Personal Representative deems advisable, and to execute, acknowledge, and deliver deeds or other instruments in connection therewith.
>
> C. To lease any real estate for terms and conditions as my Personal Representative deems advisable, including the granting of options to renew, options to extend the term or terms, and options to purchase.
>
> D. To pay, compromise, settle or otherwise adjust any claims, including taxes, asserted in favor of or against me, my estate or my Personal Representative.
>
> E. To make any separation into shares in whole or in part in kind and at values determined by my Personal Representative, with or without regard to tax basis, and to allocate different kinds and disproportionate amounts of property and undivided interests in property among the shares.
>
> F. To make such elections under the tax laws as my Personal Representative shall deem appropriate, including elections with respect to qualified terminable interest property, exemptions and the use of deductions as income tax or estate tax deductions, and to determine whether to make any adjustments between income and principal on account of any election so made.

G. To make any elections permitted under any pension, profit sharing, employee stock ownership or other benefit plans.

H. To employ others in connection with the administration of my estate, including legal counsel, investment advisors, brokers, accountants and agents and to pay reasonable compensation in addition to my Personal Representative's compensation.

I. To vote any shares of stock or other securities in person or by proxy; to assert or waive any stockholder's rights or privilege to subscribe for or otherwise acquire additional stock; to deposit securities in any voting trust or with any committee.

J. To borrow and to pledge or mortgage any property as collateral, and to make secured or unsecured loans. My Personal Representative is specifically authorized to make loans without interest to any beneficiary hereunder. No individual or entity loaning property to my Personal Representative or trustee shall be held to see to the application of such property.

K. To work in absolute discretion and determine the allocation of any GST exemption available to me at my death to property passing under this Will or otherwise. The determination of my Personal Representative with respect to any elections or allocation, if made or taken in good faith, shall be binding upon all affected.

L. To make decisions and settle any and all claims against the Estate including any Beneficiaries that may contest their Residual Estate or this Last Will and Testament.

M. The Personal Representative shall be reasonably compensated for their time and effort in carrying out the best interests of this Last Will and Testament.

## 13. CONTESTING BENEFICIARY

If any beneficiary under this Will, or any trust herein mentioned, contests or attacks this Will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this Will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me.

A. I direct that the representation by a guardian ad litem of the interests of persons unborn, unascertained or legally incompetent to act in proceedings for the allowance of accounts hereunder be dispensed with to the extent permitted by law.

## 14. GENDER

Whenever the context permits, the term "Personal Representative" shall include "Executor" and "Administrator," the use of a particular gender shall include any other gender, and references to the singular or the plural shall be interchangeable. All references to the Internal Revenue Code shall mean the Internal Revenue Code of 1986 or any successor Code. All references to estate taxes shall include inheritance and other death taxes.

## 15. ASSIGNMENT

The interest of any beneficiary in this Will, shall not be alienable, assignable, attachable, transferable nor paid by way of anticipation, nor in compliance with any order, assignment or covenant and shall not be applied to, or held liable for, any of their debts or obligations either in law or equity and shall not in any event pass to his, her, or their assignee under any instrument or under

any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or others.

## 16. PET HEALTHCARE DIRECTIVE

I do not wish to create a Pet Directive. Any and all pets that may be my companion(s) at the time of my death shall be placed under the care of my Personal Representative.

## 17. GOVERNING LAW

This document shall be governed by the laws of the State of Pennsylvania.

## 18. SPECIAL WISHES AND DIRECTIVES

I declare that I have no Special Wishes or Directives other than what is written in this Last Will and Testament.

## 19. BINDING ARRANGEMENT

Any decision by my Personal Representative with respect to any discretionary power hereunder shall be final and binding on all persons interested. Unless due to my Executor's own willful default or gross negligence, no Executor shall be liable for said Executor's acts or omissions or those of any co-Executor or prior Executor.

I, the undersigned Scott Monto, do hereby declare that I signed and executed this instrument as my last Will, that I signed it willingly in the presence of each of the undersigned witnesses, and that I executed it as my free and voluntary act for the purposes herein expressed, on this 7th day of ____June____, 2021.

Testator Signature: _____

Printed Name: Scott Monto

Commonwealth Of Pennsylvania - Notary Seal
Michael P Hamilton, Notary Public
York County
My Commission Expires September 2, 2024
Commission Number 1328242

6-7-21

The foregoing instrument, on this 7th day of ____June____, 2021, subscribed on each page and at the end thereof by Scott Monto, the above-named Testator, and by (him/her) signed, sealed, published and declared to be (his/her) LAST WILL AND TESTAMENT, in the presence of us and each of us, who thereupon, at (his/her) request, in (his/her) presence, and in the presence of each other, have hereunto subscribed our names as attesting witnesses thereto.

_____
Witness Signature

DONNA M LAMOREAUX  2179 State Rd 118 Sweet Valley PA 18656
Print Name & Mailing Address

_____
Witness Signature

DAVID M DUDAGKO  736 SCHOOL HOUSE LN LEWISBERRY PA 17339

Page 7

# TESTAMENTARY AFFIDAVIT

STATE OF __P.A__

COUNTY OF __York__, SS.

Before me, the undersigned authority, on this day personally appeared Scott Monto, as Testator, __Donna Lamoreaux, David Dudasko__ as Witness, known to me to be the Testator and the Witnesses, respectively, whose names are signed to the attached or foregoing instrument, and, all of these persons being by me duly sworn, the Testator declared to me and to the Witnesses in my presence that the instrument is the Testator's Last Will and Testament and that the Testator has willingly signed or directed another to sign for him/her, and that the Testator executed it as their own free and voluntary act for the purposes therein expressed; and each of the Witnesses stated to me, in the presence of the Testator, that they signed the Last Will and Testament as Witnesses and that to the best of their knowledge the Testator was eighteen (18) years of age or over, of sound mind, and under no constraint or undue influence.

X _[signature]_
**Testator Signature**

_[signature]_
**Witness Signature**

__Donna M Lamoreaux__
**Witness Print Name**

X _[signature]_
**Witness Signature**

X __DAVID M DUDASKO__
**Witness Print Name**

Subscribed and sworn to before me by the said Testator, Scott Monto, and the above listed witnesses this __7th__ day of __June__, 20__21__.

Notary Public Signature _[signature]_ Print __Michael Hamilton__

My Commission Expires: __9-2-2024__

(Seal)

**1st Digital Asset**

Name/Title:
Username: __N/A__
Password:

> Commonwealth Of Pennsylvania - Notary Seal
> Michael P Hamilton, Notary Public
> York County
> My Commission Expires September 2, 2024
> Commission Number 1328242

Page 9